ACCEPTED
01-17-00818-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/20/2018 11:37 AM
CHRISTOPHER PRINE
CLERK

01-18-00203-CV

NO. 01-17-00818-CV
XXXXXXX18XXX

_____

IN THE FIRST COURT OF APPEALS DISTRICT OF TEXAS

HOUSTON, TEXAS

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/20/2018 11:37:42 AM
CHRISTOPHER A. PRINE
Clerk

IN RE OYEDEMI & ASSOCIATES, P.C.

_____

In The 268th Judicial District Court,

Fort Bend County, Texas (No. 15-DCV-227567)

_____

## PETITION FOR WRIT OF MANDAMUS

_____

**_Attorney for Appellant(s):_**
Wakil O. Oyedemi
SBN: 24084291
Oyedemi & Associates, P.C.
101 Southwestern Boulevard, Suite 200
Sugar Land, Texas 77478
Telephone: (832) 939-8578
Facsimile: (832) 939-8582
Email: ooyedemi@oyedemilaw.com
**_Appellant(s):_**
Oyedemi & Associates, P.C.

**_Attorney for Appellee(s):_**
Joshua Estes
SBN: 24043651
The Estes Law Firm PC
716 South Union St.
Richmond, Texas 77469
Telephone: (281) 238-5400
Facsimile: (281) 238-5015
Email: joshuaestes@estespc.net
**_Appellee(s):_**
Leonard Bell
Jose Zuniga, Jr.
Juan Diaz
Ronnie Williams, Jr.
Joe Salazar
Antoinette Cortez
Catherine Gray

## ATTORNEYS FOR RELATOR OYEDEMI & ASSOCIATES, P.C.

i

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a list of all parties to this dispute and their counsel.

Relator:
Oyedemi & Associates, P.C.
Wakil O. Oyedemi

Counsel:
Wakil O. Oyedemi
SBN: 24084291
Oyedemi & Associates, P.C.
101 Southwestern Boulevard, Suite 200
Sugar Land, Texas 77478
Telephone: (832) 939-8578
Facsimile: (832) 939-8582
Email: ooyedemi@oyedemilaw.com

Respondent:
Honorable Brady G. Elliott
268th Judicial District Court
1422 Eugene Heimann Circle
Richmond, Texas 77469

# TABLE OF CONTENTS

**Page(s)**

IDENTITY OF PARTIES AND COUNSEL……………………………………… ii

TABLE OF CONTENTS..…………………………………………………………… iii

TABLE OF AUTHORITIES………..………………………………………….. iv

STATEMENT OF THE CASE………………………………………….......... v

STATEMENT OF JURISDICTION……………………………………………. vi

ISSUES PRESENTED…..……………………………………………............ vii

INTRODUCTION………………………………………………………….. 1

STATEMENT OF FACTS………………………………………………….. 2

ARGUMENT AND AUTHORITIES…………………………………………… 12

    I.    Standard For Issuance of Mandamus……………………………… 12

    II.    Mandamus Is Available When a Trial Court Grants A Motion to Compel Response To Discovery Requests in Violation of the Rules……………...12

    III.    The Trial Court Erred When it Erroneously Issued an Order Compelling Production of Responses to Requests For Production That Were Overly Broad, Irrelevant, Burdensome, Harassing, Requests Violative of Attorney-Client Privilege, and Requests That Were Nothing More Than Fishing Expeditions……………………………………………………………14

CONCLUSION………………………………………………………………… 26

CERTIFICATE OF COMPLIANCE……………………………………………… 27

CERTIFICATE OF SERVICE………………………………………………… 28

APPENDIX…………………………………………………………………… 29

# TABLE OF AUTHORITIES

**Cases**                                                             **Page(s)**

*Walker v. Parker*, 827 S.W.2d 833, 839 (Tex. 1992) . . . . . . . . . . . . . . . ………12, 13

*Loftin v. Martin*, 776 S.W.2d 145,148 (Tex. 1989) . . . . . . . .…………………….12

*In re Deere & Co.*, 299 S.W.3d 819, 820, (Tex. 2009).  . . . . . . . .….……….... 13, 14

*K Mart Corp v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) . . . . . . . . . . . . . . 13

*In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003)……………………………. 13

# STATEMENT OF THE CASE

*Nature of the Case*    The underlying lawsuit was filed in the name of the listed Plaintiffs and against the listed Defendants, as a result of certain disputes between the law firm of Oyedemi & Associates, P.C. and The Estes Law Firm over some clients. The allegation made in the name of the listed Plaintiffs was a claim of barratry. The Estes Law Firm which filed the lawsuit in the name of the listed Plaintiffs served discovery requests on the relators, Oyedemi & Associates, P.C. and Wakil Oyedemi. However, the requests were overbroad, burdensome, irrelevant and were mere fishing expeditions. Some of the discovery requests also involved privileged information. The trial court abused its discretion in compelling the production of the requested documents and compelling the relators to answer interrogatories which violates the rules without listening to any argument on the issue.

*Respondent*    Honorable Brady G. Elliot, Presiding Judge of the 268th Judicial District Court of Fort Bend County, Texas.

*Respondent's Action*    The discovery requests served on the relators were overbroad, burdensome, irrelevant and were mere fishing expeditions, or requests for privileged information in violation of the Texas Rules of Civil Procedure. The trial Court granted motion to compel the relators to answer the said discovery requests.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a writ of mandamus pursuant to Section 22.221 of the Government Code. Tex. Gov't Code Ann. §22.21.

# STATEMENT OF THE ISSUE

ISSUE:   The trial court abused its discretion in granting a motion to compel responses to discovery requests that were overbroad, irrelevant, burdensome, mere fishing expeditions and which sought privileged information.

# INTRODUCTION

## A. Course of proceedings and disposition in the court below.

This is a sour grape case in which The Estes Law Firm filed a Petition in the name of the listed Plaintiffs, against the relator and other listed Defendants, on the trumped-up allegation of barratry. The lawsuit was a result of disagreement(s) between the listed attorney-Defendants and/or medical provider(s) on one hand and  The Estes Law Firm regarding the interest of Oyedemi & Associates, P.C. and other law firms concerning the representation they had on the affected clients, and the right to establish lien on the claims of the affected clients based on the job that were done for the said clients, and the decision on the Estes Law Firm to use the judicial system to punish or coerce Oyedemi & Associates, P.C. and other law firms or medical provider to release the said interest despite the labor that has gone into the claims or cases of the affected clients.

Based on the fact that the persons who were listed as Plaintiffs  in this case remain clients of Oyedemi & Associates, P.C., persons who were past clients who have never conveyed to the law firm that their information should be released to the Estes Law firm, or individuals with whom Oyedemi & Associates, P.C. never had any interactions, Oyedemi & Associates filed a special exceptions and motion to dismiss the case before the Court, on the ground that there were no genuine Plaintiffs and the Petition was frivolous.

1

In the course of the litigation, the Estes Law Firm served Oyedemi & Associates, P.C. discovery requests seeking information which were overbroad, burdensome, irrelevant to the case, harassing, and mainly fishing expeditions. Oyedemi & Associates, P.C. responded to the said discovery requests asserting objections on the above-mentioned basis and as allowed by case law and the Texas Rules of Civil Procedure. The Estes Law firm filed a motion to compel the discovery requests.

Without listening to any argument to be presented on behalf of Oyedemi & Associates, P.C. on these objections, on October 13, 2017, the Honorable Judge Brady G. Elliot signed a judgment mandating Oyedemi & Associates, P.C. to provide answers and responses to the discovery requests of Estes Law Firm. The Court also denied Oyedemi & Associates, P.C.'s Motion to Dismiss. Oyedemi & Associates, P.C. files this Petition for writ of mandamus to correct the trial court's abuse of discretion in compelling the responses and answers to the said discovery requests, even though the said requests were mere fishing expedition and filed by the Estes Law firm for the purpose of harassment. This Court should vacate the trial court's judgment granting the motion to compel and reverse the trial Court's decision denying the dismissal of the frivolous lawsuit.

## STATEMENT OF FACTS

The underlying lawsuit was filed by the Estes Law Firm, listing as "Plaintiffs" the name of certain individuals who have been or remain clients of Oyedemi & Associates, P.C. or other law firms, or even persons whom Oyedemi & Associates, P.C. never claim

2

to represent. Also included as Defendants are other law firms or medical providers with whom the Estes Law Firm had arguments after clients dropped the Estes Law Firm for such other law firms. It is simply a sour grape case.

The Petition was filed on November 2, 2015. The basic allegation in the Petition was that the listed Defendants committed barratry. (C.R. 5-12). Once served the Petition, the relator, Oyedemi & Associates, P.C., wrote a letter to the Estes Law Firm, asking it to withdraw the said lawsuit as it was frivolous, baseless, and filed for the purpose of vendetta. (C.R. 101-103; Appendix 1).

On December 21, 2015, Relators filed Special Exceptions and Motion to Dismiss before the Court, appraising the trial Court of the fact there were no genuine plaintiffs in the matter and attached the above mentioned letter, as well as a letter from one of the persons whose names were used by the Estes Law Firm in the case, Mr. Ronnie Williams, in which he stated that Estes Law Firm filed a case in his name without permission. (C.R. 28-34; Appendix 2)

## DISCOVERY REQUESTS WAS SERVED ON OYEDEMI & ASSOCIATES, P.C. AND WAKIL OYEDEMI

Instead of withdrawing the baseless lawsuit, Estes Law Firm served Relator Oyedemi & Associates, P.C. and Wakil O. Oyedemi with Request for Production and Interrogatories. As reflected in the said request for production, the documents, items and materials being requested to be produced were either over broad, irrelevant to this

3

lawsuit, harassing of the Relator, or simply an attempt at fishing expeditions. Below is a true copy of the said discovery requests and Relator's responses thereto.

"**RESPONSE TO DISCOVERY REQUESTS OF ESTES LAW FIRM**

1. Produce all documents in Defendant's possession bearing or purporting to bear any Plaintiff's signature.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

2. Produce any and all correspondence, e-mails, faxes, or other documents sent or received by Defendant on behalf of Plaintiff's to any insurance company.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

3. Produce any and all correspondence, e-mails, faxes, e-mails or other documents exchanged send or received by Defendant to or from Anthony Payne, Allen Payne, Latisha Amos, Latisha Amos, D.C., P.C. and/or any other defendant in this lawsuit concerning any Plaintiff in this lawsuit.

RESPONSE: Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

4. Produce a copy of any payments made (i.e. checks, wire transfers, cash withdrawals slip, and credit card receipts) to Anthony Payne, Allen Payne, Latisha Amos, Latisha Amos, D.C., P.C. and/or any other defendant in this lawsuit concerning any Plaintiff in this lawsuit.

RESPONSE: Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

4

5. Produce a copy of your calendar referencing any meetings with any Plaintiff in this matter.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

6. Produce a copy of all phone records for any phone registered under the name of Defendant, including facsimile numbers, or any phone subject to your use or your employee's use on behalf of Defendant's business for the previous two (2) years.

RESPONSE: Respondent objects on the basis of unlawful invasion of privacy, unwarranted harassment, irrelevance and unnecessary fishing expedition.

7. Produce documents relied upon by Defendants in their answer and special exceptions in this lawsuit.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit. The interrogatory is also harassing and is not targeted towards the discovery of relevant information

8. Produce a copy of Defendant's bank statements for the previous two (2) years.

RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

9. Produce a list of all phone numbers and e-mail addresses associated with Defendant.

RESPONSE: RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

10. Produce a copy of any correspondence between defendant and Anthony Payne, Allen Payne, the Injury Law Group or Victims' Advocates in the preceding five (5) years.

RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, overbroad and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

11. Produce documents concerning investigation(s) of any complaint(s) about the defendant or made by the defendant, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, overbroad and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw Plaintiffs in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

12. Produce all records, tapes, or documents and/or items that show when plaintiff was approached by or contracted by OYEDEMI & ASSOCIATES, P.C. and WAKIL OYELERU OYEDEMI.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw Plaintiffs in this lawsuit. Respondent also objects on the basis that this

request is an improper fishing expedition as there are no genuine Plaintiffs in this lawsuit.

13. Produce other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims.

RESPONSE: To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw Plaintiffs in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this hate induced frivolous lawsuit, and Joshua and Estes and Law Firm of Estes & Associates is asking the respondent to Marshall all of its evidence in violation of Texas Rule of Civil Procedure 193 n.2.

14. Produce a copy of all W-2s, W-4s, and 1099s issued by Defendant in the previous four (4) years for any employee of Defendant.

RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, overbroad and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this frivolous hate induced lawsuit.

15. Produce a copy of all 940 and 941 filed by Defendant in the previous four (4) years.

RESPONSE: OBJECTION on the basis of unnecessary invasion of privacy, irrelevant, burdensome, overbroad and harassing. To the extent that this request seeks documents subject to attorney-client privilege, respondent asserts an attorney privilege as to all communications between the respondent and the persons used by Estes and Associates Law Firm as straw in this lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this hate induced lawsuit.

16. Produce any and all reports, work papers, notes, documents, correspondence, charts, e-mail(s), graphs, records, or databases of any expert witnesses who are expected to testify, or may be called to testify at the trial of this case or any

consulting expert whose report, conclusion, impression or finding has been reviewed by an expert who will be called to testify at trial, or who may be called to testify at trial, including any documentary or demonstrative evidence that may/will be used at the trial on the merits.

RESPONSE:  None.

17.  Produce all documents pertaining to the identity and location, (name, address and telephone number) of any person who may be called to give any expert used for consultation and who is not expected to be called as a witness at trial if the expert's work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

RESPONSE: None.

**RESPONSES TO INTERROGATORIES OF ESTES LAW FIRM**

1.  Please describe your relationship to each Plaintiff, identifying how the relationship began.

RESPONSE: OBJECTION on the basis of an assumption that there was a genuine "Plaintiff" in this case when there is none. Plaintiff also asserts attorney-client privilege regarding all communications between the respondent and the persons used by Estes and Associates Law Firm as straw "Plaintiffs" in this hate induced lawsuit. Respondent also objects on the basis that this request is an improper fishing expedition as there are no genuine Plaintiffs in this hate induced lawsuit.

2.  Please describe your relationship with Anthony Payne, Allen Payne, the Injury Law Group, Victims' Advocates and Latisha Amos, D.C., P.C.

RESPONSE:  OBJECTION on the basis of an assumption that there was a genuine "Plaintiff" in this case when there is none. OBJECTION on the basis of unnecessary invasion of privacy.

3.  Identify the method and manner in which You compensated Anthony Payne and Allen Payne for their work.

RESPONSE: OBJECTION on the basis of an assumption that there was a genuine "Plaintiff" in this case when there is none and none of the persons used as straw "plaintiffs" in this hate induced lawsuit gave permission to have their names so

8

used. OBJECTION on the basis of an assumption of non-existent fabrications when none of the mentioned individuals works for the respondent.

4. If it is your contention that Anthony Payne or Allen Payne did not work for You, please explain how You ended up as an attorney of record in Plaintiff's cases after Mr. Payne persuaded Plaintiffs to sign paperwork.

RESPONSE: RESPONSE: OBJECTION on the basis of an assumption that there was a genuine "Plaintiff" in this case when there is none and none of the persons used as straw "plaintiffs" in this hate induced lawsuit gave permission to have their names so used. OBJECTION on the basis of an assumption of non-existent insinuations.

5. If it is your contention that Anthony Payne or Allen Payne did not receive any monies from You, please explain your understanding on how they get paid.

RESPONSE: OBJECTION on the basis of an assumption that there was a genuine "Plaintiff" in this case when there is none and none of the persons used as straw "plaintiffs" in this hate induced lawsuit gave permission to have their names so used. OBJECTION on the basis of an assumption of non-existent relationship."

The above is a true copy of the Request for production and interrogatories, as well as Relator Oyedemi & Associates, P.C. and Wakil O. Oyedemi's answers and responses to the said request for production and interrogatories. (C.R. 47-52; Appendix 3).

As reflected in the responses, and as argued below, the discovery requests were over broad, sought irrelevant information, sought privileged information, were very harassing of the Relator, and were burdensome. Most importantly, based on the background of this case as highlighted above, the said requests were nothing but efforts at fishing expedition by the Estes Law Firm to try to establish non-existent allegations against the Relator and others named as Defendants in the lawsuit.

The Estes Law Firm filed a Motion to Compel with the Court. (C.R. 41-45). In its motion, the Estes Law Firm argued that the documents requested were relevant because

the said documents would show there was barratry committed as asserted by Estes Law Firm in the lawsuit. It also argued that its overbroad request for payments made by Oyedemi & Associates in whatever form, copy of Oyedemi & Associates, P.C.'s bank statements for two years, as well as unrestricted Relator's tax documents for all employees and contractors tax documents for two years "will depict the relationship between the initial soliciting individuals, the Defendant attorney, and the remaining Defendants." (Id. at 43-44).

The Estes Law Firm further argued that its requests for Relator's interaction with the person named as Plaintiffs, were requested to show the extent of Relator's representation of the persons named as Plaintiffs. It was further argued that its request for a "settlement agreements" would show "potential amount of damages." Estes Law Firm also took issue with Relators' objection to the request that Relator describe its relationship with the persons named as Plaintiffs, although it acknowledged that Relator has stated the extent of such relationship in the special exceptions and motion to dismiss. (Id. At 44).

Although a hearing was set for the motion to compel. However, the Court did not hear Relator's argument regarding the said motion. All the Honorable Judge Brady Elliot did, was cut off Relators in the course of the argument against the motion to compel. This is reflected in excerpt of the hearing record as follows:

"MR. ESTES:  Next is the motion to compel. We sent some discovery responses or discovery request to Mr. Oyedemi requesting certain types of documents. As I started earlier, the documents are basically showing his underlying representation with the plaintiffs in this suit.

Now we have, of course  - - to move forward would be our plaintiffs' testimony of how everything happened; but what the documents would be used for is to corroborate their testimony and basically show the - -"

"THE COURT:   Has he not responded to it?"

"MR. ESTES:     He did not respond to anything. He objected to everything saying I don't have clients and that they were fishing expeditions, but specially in the motion I asked for  - -"

"THE COURT:  Do so on or before October 31st"

"MR. ESTES:  Sure."

"THE COURT:  Okay. What else."

"MR. OYEDEMI:  Your Honor, will you let me respond to the - -"

"THE COURT:   You didn't respond to his motions. I'm telling you to respond to his motions."

"MR. OYEDEMI:   No, I - - responded to his motion to compel, your Honor. I filed a response, your honor, to his motion to compel."

"THE COURT:     And what was your response?"

"MR. OYEDEMI:   Yeah. Yes. Your Honor, my response was that they asked us to provide our accounting information, things that are not relevant to this case, correspondence between us and any of the named defendants, which was so broad and not specific to all of the issues that were in this case, which of course makes those requests simple fishing expeditions regarding - -"

"THE COURT:  I've heard what you said. Produce them by the 31st of this month." (R.R. 15-17; Appendix 4).

The Honorable Trial Court thereby shut relator down and ordered that it must respond to the discovery requests within two weeks of the hearing date. The court abused its discretion by granting the motion to compel in violation of the rules relating to discovery. This Court should grant Relator Oyedemi & Associates, P.C.'s mandamus relief because the trial court abused its discretion and Relator Oyedemi & Associates, P.C. and Wakil O. Oyedemi have no adequate remedy at law.

## ARGUMENT AND AUTHORITIES

### I.  Standard For Issuance of Mandamus

Mandamus issues to correct a clear abuse of discretion or the breach of a duty imposed by law. *Walker v. Parker*, 827 S.W.2d 833, 839 (Tex. 1992). A failure by the trial court to analyze the law correctly constitutes an abuse of Discretion. Id. At 840. Furthermore, a clear abuse of discretion exists whenever the facts and the law allow the trial court to make "only one decision." Id. At 839.

### II.  Mandamus Is Available When a Trial Court Grants A Motion to Compel Response To Discovery Requests in Violation of the Rules.

The trial court abused its discretion in granting motion to compel response to discovery requests that were over broad, irrelevant, burdensome, harassing, and/or mere fishing expedition in this case. While the scope of discovery is quite broad, it is nevertheless confined by the subject matter of the case and reasonable expectations of obtaining information that will aid resolution of the dispute.  The rule must be applied in that context. *Loftin v. Martin*, 776 S.W.2d 145,148 (Tex. 1989).

12

Generally, the trial court has the discretion to determine the scope of discovery; however, the trial court must impose reasonable discovery limits. See *In re Deere & Co.*, 299 S.W.3d 819, 820, (Tex. 2009) (orig. proceeding) (per curiam) (noting that discovery orders should be limited to the relevant time frame). A party may obtain discovery only of materials or documents or other information relevant to the subject matter of the action. Tex. R. Civ. P. 192.3. A trial court's order that requires production beyond what the rules permit is an abuse of discretion. No "discovery device can be used to 'fish.'" *K Mart Corp v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996).

An appellate court would not be able to cure the trial court's discovery when the trial court orders the production of "patently irrelevant" documents which constitutes harassment or inflicts such a burden on the producing party that it far outweighs any benefit the requesting party may obtain by the discovery. *In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003). (orig. proceeding) (Per curium) (protecting parties from "fishing expeditions").

An order compelling discovery that is overly broad is subject to mandamus relief. *In re Deere & Co.*, 299 S.W.3d 819, 820 (2009) (orig. proceeding) (per curiam). "When a trial court erroneously allows the disclosure of privileged" documents, mandamus relief is warranted because the trial court's error cannot be later remedied on appeal. *Walker v. Parker*, 827 S.W.2d 833, 839 (Tex. 1992).

**III.    The Trial Court Erred When it Erroneously Issued an Order Compelling Production of Responses to Requests For Production That Were Overly Broad, Irrelevant, Burdensome, Harassing, Requests Violative of Attorney-Client Privilege, and Requests That Were Nothing More Than Fishing Expeditions.**

The trial court order compelling discovery that is overly broad is subject to mandamus relief. *In re Deere & Co*., 299 S.W.3d 819, 820 (2009) (orig. proceeding) (per curiam). In this case there are many requests for production propounded which were overly broad and to which the Relator appropriately objected. Mandamus is therefore an appropriate remedy. The instances of such overly broad requests are as follows:

**(i). "Request For Production No. 1:**

>**Produce all documents in Defendant's possession bearing or purporting to bear any Plaintiff's signature."**

This request is overly broad and burdensome, in that it is not in any way restricted or tailored towards the discovery of any material just relevant to this lawsuit. It is also not restricted in terms of time, as it mentions "all documents."  Thus, since the Defendant relators have represented some individuals named as "Plaintiffs" in this lawsuit for many years before the filer of the lawsuit decided to use their names in the case, such lack of restriction or tailoring makes the request overly broad and burdensome.

Moreover, as stated above, as Relators still represent some individuals in lawsuits still pending at the time of the request and did not get the approval of the said individuals for the release of the said documents, the request would have violated the attorney-client privilege between the relators and the persons named as Plaintiffs. Included in such

pending representations include a Plaintiff named Ronnie Williams, whose case is still pending before the Harris County District Court in a case in which the relator attorneys represent him, and who never gave the permission to release his information to the Estes law firm.

Once the relator releases the information being sought here, it will be too late to correct the violations noted on appeal. Mandamus thus applies, and this Court should reverse the decision of the trial court mandating the response to the request.

## (ii). Request for Production No. 3:

**"Produce any and all correspondence, e-mails, faxes, e-mails or other documents exchanged send or received by Defendant to or from Anthony Payne, Allen Payne, Latisha Amos, Latisha Amos, D.C., P.C. and/or any other defendant in this lawsuit concerning any Plaintiff in this lawsuit."**

This request for production is overly broad, and is not restricted to the issues in this case. The request is also limited as to time. It simply asks for ANY and ALL correspondence involving the Relator and all persons listed as Defendants in the lawsuit. Some of the persons listed as Defendants are attorneys, there is also a medical provider. Assuming there was any correspondence from the relator and the other attorney(s) listed in the case or the medical provider(s) listed in the case as Defendants, such correspondence may have had nothing to so with this case. Such correspondence may have been sent or received many years ago, and such may have been on a variety of subjects that may impinge on the rights of other persons who may have been clients to the listed attorneys or medical providers that have nothing to do with this case.

15

The trial court had an obligation to restrict or limit the scope of the request, but it failed to do so. Mandamus is therefore applicable in this case, as the trial court's order directing response to the overly broad request should be reversed. The said order cannot be remedied through an appeal.

**(iii)** **"Request for Production No. 6:**

**Produce a copy of all phone records for any phone registered under the name of Defendant, including facsimile numbers, or any phone subject to your use or your employee's use on behalf of Defendant's business for the previous two (2) years."**

This request for production is not only overly broad, it is also an unnecessary invasion of the privacy of the Relator, relator's family members, the employees, and the employees' family members. This is because, the request is not limited to just phone being used by the Defendants' business, it also included phones being personally used by the Defendants and Defendants' family members. As is customary in the United States, a head of the family normally would have all phones involving the entire family registered under the name of the head of the household. Thus, Appellee's request involved all phones used by all members of relators' family, which makes the request overly broad. It is by this same token that the request is invasive of relators' privacy, and also harassing.

Relator objected to the request on the grounds mentioned above. Such objection should have been sustained. The trial court abused its discretion in compelling the production of these phone records as it is overly broad, harassing, and invasive of the

16

rights or the relators and their family. Such error as this cannot be corrected on appeal. Mandamus therefore applies here, and the trial court's order should be reversed.

**(iv). "Request for Production No. 8:**

> **Produce a copy of Defendant's bank statements for the previous two (2) years."**

This request for Production is overly broad and burdensome. The requested documents also invades the privacy of the relator in this case. First, since the request is not limited in any way to reflect relators' interaction with the persons named as Plaintiffs in the case, it goes too far and therefore is overly broad.

Moreover, the request is so broad that it includes inherently any bank account involving the name of the relators, both business wise and personally. Thus, it involves requests for accounts jointly opened by the relator individually, or with family members in joint accounts, which is always the case in the Unites States of America, whereby spouses have joint accounts. Thus, it is too broad. By the same token, the request invades the privacy of the relators and the family members. It is also harassing, as so broad and invasive request is unnecessary to the resolution of this matter in any way.

As reflected in the responses to the request, relators objected to this requests on the basis that it is overly broad, unnecessarily invades privacy, burdensome and harassing. The trial court therefore abused its discretion in compelling the production of the said records. Such error cannot be corrected on appeal. Mandamus therefore applies here, and the decision of the trial court should be vacated.

17

**(v).** **"Request for Production No. 9:**

   **Produce a list of all phone numbers and e-mail addresses associated with Defendant."**

   This request is overly broad. It is also harassing of the relators. In asking for ALL phone numbers and email addresses associated with the Defendants, such request is not in any way limited to this matter. It goes beyond the purview of phone numbers of the person or the business of Defendants (which in itself is overly broad and harassing), it goes into any phone numbers and email address associated with the Defendants. In essence, it goes into the private life of the Defendants. Responding to such request will involve all phone numbers Defendants have ever had, which due to lapse of time and the need to change phone numbers is burdensome and impossible to remember.

   Responding to the request will also involve providing all phone numbers of family members and relatives of the Defendants which may have included or been registered by the Defendants for family members and relatives. The same applies to emails that the Defendant may have opened unrelated to business but strictly for personal and family life. The request is therefore invasive of Defendants' privacy. The request is therefore unpardonably overly broad and unnecessarily invasive of relators' privacy. The trial court ought to have upheld Defendants' objections.

   As stated in the response to the request for production, the request is also an improper fishing expedition, as it seeks to get all it could in terms of information, with

the goal of perusing same as it fished for information to use against the Defendants in this baseless lawsuit or for unknown purposes unrelated to the lawsuit.

The trial court thus abused its discretion when it compelled the production of all phone numbers and e-mail addresses associated with the Defendants. Such error cannot be corrected on appeal, as it would have been too late since these records would have been exposed without any need for such exposure. Mandamus therefore applies in this case, and the decision of the trial court should be vacated.

**(vi). "Request for Production No. 10:**

> **Produce a copy of any correspondence between defendant and Anthony Payne, Allen Payne, the Injury Law Group or Victims' Advocates in the preceding five (5) years."**

This request is overly board as it seeks "any correspondence" between the Relators and the above-named persons and groups. The request also go as far back as "five years". The "Defendants" referred to in the request is an attorney and a law firm, while the others are persons or groups named in the request are persons that may have been clients of the Defendant attorney or law firm at one point or the other, in a manner that has nothing to do with the named "Plaintiffs" in this case. Thus, responding to the request will involve providing correspondences that are personal in such representation, invasive of these persons or groups' representation in matters totally unrelated to this baseless lawsuit.

Moreover, the request requires the relators to provide information that dates back five years. In terms of years, this overly broad. It is burdensome because documents

responsive to this request may be documents that have been destroyed based on attorney-client agreement between the relator attorney and law firm on one hand and the named Defendants on the other hand.

The fact that the correspondences that will honestly respond to the request will violate the attorney-client privilege among the parties involved also makes the request objectionable. Relators raised this objection also in the response to the request for production. Also important is the fact that the request, just as all other requests made, are nothing but fishing expedition on the part of the "Plaintiffs" and the Estes law firm - which makes relators' objection valid and proper. Making such requests for fishing expedition purposes is wrong and violates the Texas Rules of Civil Procedure and well laid out judicial precedents related to discovery. No "discovery device can be used to 'fish.'" *K Mart Corp v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996).

The trial court therefore abuses its discretion when it compels the production of documents responsive to this request. Such error cannot be corrected on appeal, as such overly broad, harassing information violative of the attorney-client privilege, would have been irretrievably exposed to the "Plaintiffs" in this case. Mandamus therefore applies in this case, and the decision of the trial court in compelling the production of documents responsive to the request, should be reversed.

**(vii). "Request for Production No. 11:**

**Produce documents concerning investigation(s) of any complaint(s) about the defendant or made by the defendant, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged."**

This request is definitely overly broad and it violates the attorney-client privilege of the relators regarding investigation into the baseless lawsuit. While the questioner attempts to evade the violation of the privilege involved, there is no doubt that any document or material that will be responsive to this request will include notes privileged as related to the attorney-client issues between the persons named as "plaintiffs" in this matter by the Estes law firm. As well as persons named as "Defendants." Relators' objection is therefore valid and should have been upheld. Relators objection that the request is nothing but a fishing expedition is also valid as the request will only serve the purpose of the filer of the complaint getting information that it needed to use against the Defendants in this sour grape and baseless lawsuit.

The trial court's decision in compelling the response to the said request thereby violates the rights of the relators as well that of the other Defendants and the named "plaintiffs" in this matter. Compelling the response to the requests also allows unlawful fishing expedition. The error could not be corrected on appeal as it will be too late and such information could not be retrieved at that point. The only available relief is for the decision of the trial court o be reversed. Mandamus therefore applies in this case, and this Court should vacate the decision of the trial court.

21

**(viii). "Request No. 12:**

**Produce all records, tapes, or documents and/or items that show when plaintiff was approached by or contracted by OYEDEMI & ASSOCIATES, P.C. and WAKIL OYELERU OYEDEMI."**

This request violates the attorney-client privilege between the named Defendants and the named "plaintiffs" in the lawsuit. As reflected in the records before the trial court, there were still pending lawsuits involving the named "plaintiffs" in which they were represented by the relators. Some of the said lawsuits remained pending. Moreover, as reflected in relators' response, this request is nothing more than a fishing expedition, especially when considered in view of the fact that the named persons have expressed shock at their names being used as part of the lawsuit in which they did not give their permission. It is also vital to note that the said request assumes a non-exigent fact that the Defendants approached the named persons, and the request was based on this wrong assumption.

Since discovery is not allowed to be used as a fishing expedition, the trial court abused its discretion in compelling the discovery of such documents. This is an error that cannot be corrected on appeal, as the information would have been compromised before such an appeal. The decision of the trial court should therefore be vacated.

**(ix). Request for Production No. 13:**

**"Produce other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims."**

22

This request asks the Defendant relators to provide documents on which they rely to support "the defenses, affirmative defenses, and counterclaims." In essence, its a request to marshal all of Defendants' evidence in violation of Rule 193 n.2 of the Texas Rules of Civil Procedure. The request is also asking for documents subject to attorney-client privilege, as there are persons who were named in the lawsuit who remain clients of the relators and who have not in any way given the authority to provide their information relating to this lawsuit.

Thirdly, this request is nothing but an improper fishing expedition as a means for the filer of the lawsuit to get all material and documents which it could use in the lawsuit but which may or may not be relevant to the lawsuit in any way, and which it is not entitled to by any other means. Based on all these, relators' responses were valid and should have been upheld. Thus, mandamus applies in this case, and this Court should reverse the decision of the trial court.

**(x). Request for Production No. 14:**

**"Produce a copy of all W-2s, W-4s, and 1099s issued by Defendant in the previous four (4) years for any employee of Defendant."**

Like all other requests propounded in the names of the "Plaintiffs," this request is overly broad, invasive of the privacy of the relator attorney and law office, as well as invades the privacy of the persons who work for the relators who are in no way related to this lawsuit. This is because there are many employees who work for the Defendant

23

attorneys or law offices whose privacy would have been exposed unnecessarily and irretrievably should their records be released to the Estes law firm who filed this lawsuit. Moreover, the request is nothing but an unpardonable fishing expedition such as is prohibited in the Rules and by laid down judicial precedent. The word "any employee" supports these objections. All these documents, W-2s, W-4s and 1099s contain the names, social security numbers and addresses of employees. They also include other private information that should not be unnecessarily exposed. Once the said information are exposed, such exposure cannot be corrected on appeal, as the trial court in no way limits the extent of any part of the documents requested that should be delivered to the Estes law firm who filed the petition using the names of the "Plaintiffs"

Thus, the trial court abused its discretion in compelling the production of the documents responsive to this overly broad, intrusive, harassing request for production. The error cannot be corrected on appeal, thus, Mandamus apples in this case, and the decision of the trial court should be vacated.

**(xi). Request No. 15.**

**"Produce a copy of all 940 and 941 filed by Defendant in the previous four (4) years."**

Defendants unemployment tax return and quarterly tax filing is irrelevant to any matter in issue in this case. Relators were therefore correct to object on the basis of irrelevancy. Moreover, a request for tax filing for previous four years remain burdensome

and overly broad. The said request is also an unnecessary invasion into the privacy of the Defendants as well as persons who are in no way related to this baseless lawsuit who may be employees of the Defendants. At the stage of the lawsuit when this request was propounded, there was no necessity for it. Defendants were therefore correct in stating the objections raised in the response.

Based on all these, the trial court abused its discretion when it compelled the production of documents responsive to this overly broad, unnecessarily invasive, irrelevant and burdensome request for production. Just as in other requests, should the Defendants provide the documents being requested, it could not be corrected on appeal as it will be too late for such correction. This Court should therefore issue a writ of mandamus in this case and reverse the decision of the trial court.

**The Trial Court's Decision Should Be Vacated Since Mandamus Applies in This Case.**

All of the requests for production are objectionable, including ones that are not specifically mentioned in the above itemized list. Thus, the relators were just in making the valid objections. The Court should have sustained the objections, but instead, it abused its discretion in compelling the production of documents responsive to the requests, without narrowing the overly broad requests, or in any way consider a fair way to deal with requests that violate the Defendants rights or violate even the Texas Rules of Civil Procedure.

25

Since it will be too late to correct the trial court's error on appeal, this Court should reverse the trial court's error and vacate the decision of the trial court compelling the responses to these request for production, in the interest of justice.

## CONCLUSION

Relators Oyedemi & Associates, P.C and Wakil Oyedemi respectfully requests that this Court grant this Petition, enter a writ of mandamus ordering the trial court to vacate its order granting motion to compel in this case, and grant such other relief to which it may be justly entitled in either law or equity.

Respectfully submitted,
**OYEDEMI & ASSOCIATES, P.C.**

  _/s/wakiloyedemi_
Wakil O. Oyedemi, Esq.
TBN: 24084291
101 Southwestern Boulevard, Suite 200
Sugar Land, Texas 77478
Tel: (832) 939-8578
Fax: (832) 939-8582
Email: ooyedemi@oyedemilaw.com
**ATTORNEYS FOR RELATORS**

## CERTIFICATE OF COMPLIANCE

Pursuant to the Texas Rules of Appellate Procedure 9.4(i)(4), I hereby certify that the above styled document contains 7,029 words, excluding the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of jurisdiction, statement of issue presented, signature, proof of service, certification, certificate of compliance, and appendix. Counsel is relying on a word count computer program, Microsoft word, used to prepare the document.

*/s/ wakiloyedemi*
Wakil O. Oyedemi

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2018, a true and correct copy of Relators' Petition for Writ of Mandamus was forwarded to all attorneys of record listed below via facsimile, electronic filing and/or email.

Joshua Estes
716 South Union Street
Richmond, Texas 77469
Fax:  281-238-5015

*/s/ wakiloyedemi*
Wakil O. Oyedemi

# APPENDIX

1.    Letter to The Estes Law Firm

2.    Special Exceptions and Motion to Dismiss

3.    Response to Discovery Requests of Estes Law Firm

4.    Record of Hearing on Defendant's Motion to Dismiss/ Plaintiff's Motion to Compel

5.    Order Granting Motion to Compel